UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALLISON LAMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZULLAS, L.C. d/b/a Café Zupas L.C.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL (DOC. NO. 18)**<br><br>Case No. 2:25-cv-00183<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Allison Lamas, Kynnedi Dorsey, and Gannon Kolding, in their individual capacities and on behalf of all others similarly situated, move to consolidate three putative class actions[1] and to appoint interim class counsel.[2]  Plaintiffs represent that Defendant Zullas, L.C. does not oppose consolidation,[3] and no opposition to the motion has been filed.  For the reasons explained below, the motion is granted.

## BACKGROUND

Plaintiffs and the putative class members are current and former employees of Zullas, a fast-food restaurant chain.[4]  Plaintiffs allege that as part of doing business,

---

[1] *Lamas v. Zullas*, No. 2:25-cv-00183 (D. Utah filed Mar. 11, 2025); *Dorsey v. Zullas*, No. 2:25-cv-00195 (D. Utah filed Mar. 14, 2025); *Kolding v. Zullas*, No. 2:25-cv-00217 (D. Utah filed Mar. 21, 2025).

[2] (Pls.' Mot. to Consolidate and Appoint Interim Class Counsel (Mot.), Doc. No. 18.)

[3] (*See id.* at 5.)

[4] (*See id.* at 2; Second Am. Compl. ¶¶ 2, 33, Doc. No. 27.)  Unless otherwise noted, the factual allegations are drawn from the operative complaint in the lowest-numbered case

Zullas obtained and stored their personally identifiable information (PII) including their names and social security numbers.[5]  Plaintiffs contend Zullas failed to take reasonable and necessary steps to protect this information.[6]  According to Plaintiffs, Zullas determined that between October 21 and 23, 2024, cybercriminals infiltrated its inadequately protected computer environment and accessed Plaintiffs' and class members' PII.[7]  Plaintiffs each filed a putative class action based on this data breach.

## ANALYSIS

### A.  Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure permits consolidation of actions which "involve a common question of law or fact."[8]  If a common question of law or fact exists, "the court should [then] weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause."[9]

Based on a review of Plaintiffs' complaints, the three actions Plaintiffs seek to consolidate arise from a common set of alleged facts.  Plaintiffs are current or former employees allegedly affected by a data breach implicating their PII held by Zullas.  They

---

(Ms. Lamas's second amended complaint).  Ms. Lamas amended her complaint twice to remedy deficiencies in her jurisdictional allegations.  (*See* Docket Text Orders, Doc. Nos. 22 & 25.)

[5] (*See* Second Am. Compl. ¶¶ 3, 7, Doc. No. 27.)

[6] (*Id.* ¶ 5.)

[7] (*Id.* ¶ 6.)

[8] Fed. R. Civ. P. 42(a).

[9] *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019).

all claim Zullas was negligent in failing to protect their information, and they seek monetary damages and injunctive relief. Courts have found consolidation warranted in other cases involving similar claims arising from data breaches.[10] Accordingly, the requirements of Rule 42 are met.

Next, the interests of judicial convenience in consolidating the cases outweigh any risk of delay, confusion, or prejudice. As Plaintiffs argue in their motion, the burden on the parties, the witnesses, and judicial resources will be substantially lessened by consolidation.[11] Consolidation will "provide for complete resolution in one proceeding and avoid unnecessary duplication of work and the risk of inconsistent adjudications."[12] The risk of delay or confusion is minimal where the cases are all in the same procedural posture, and in the initial stages of litigation. Likewise, there is little risk of prejudice to any party, where Plaintiffs collectively seek consolidation and Zullas does not oppose it.

Accordingly, the motion to consolidate is granted, and the following cases are consolidated with the instant case: *Dorsey v. Zullas*, No. 2:25-cv-00195; and *Kolding v. Zullas*, No. 2:25-cv-00217. The consolidated action shall be styled *In re Zullas, L.C. Data Breach Litigation*.[13]

---

[10] *See, e.g.*, *Dreger v. Progressive Leasing LLC*, No. 2:23-cv-00783, 2024 U.S. Dist. LEXIS 6047, at *6–7 (D. Utah Jan. 10, 2024) (unpublished); *White v. Med. Rev. Inst. of Am., LLC*, No. 2:22-cv-00082, 2022 U.S. Dist. LEXIS 132016, at *4–5 (D. Utah July 22, 2022) (unpublished).

[11] (Mot. 5, Doc. No. 18.)

[12] *White*, 2022 U.S. Dist. LEXIS 132016, at *5.

[13] (*See* Mot. 6, Doc. No. 18.)

*B. Motion to Appoint Interim Class Counsel*

Rule 23 of the Federal Rules of Civil Procedure provides the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."[14]  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."[15]

Interim lead class counsel must represent the interests of the class.[16]  In appointing class counsel, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."[17]  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."[18]

Plaintiffs seek appointment of Ken Grunfeld of Kopelowitz Ostrow P.A. and William B. Federman of Federman & Sherwood as interim co-lead class counsel, and

---

[14] Fed. R. Civ. P. 23(g)(3).

[15] *White*, 2022 U.S. Dist. LEXIS 132016, at *7 (alteration in original) (quoting *Manual for Complex Litigation* (4th) § 21.11 (2004)).

[16] Fed. R. Civ. P. 23(g)(2), (4).

[17] Fed. R. Civ. P. 23(g)(1)(A).

[18] Fed. R. Civ. P. 23(g)(1)(B).

Charles H. Thronson of Parsons Behle & Latimer as interim liaison counsel.[19]  Based on the motion and attached exhibits, Mr. Grunfeld and Mr. Federman and their respective firms satisfy the four factors the court must consider.  They have performed substantial work in investigating this action; they have substantial knowledge of and are experienced in leading data privacy class actions; they are familiar with the applicable law; and they are "willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases."[20]  Mr. Thronson and his firm are also qualified to represent the class as interim liaison counsel, for the reasons stated in the motion.[21]  Accordingly, the motion to appoint interim class counsel is granted.

## CONCLUSION

The motion to consolidate and appoint interim class counsel[22] is granted, and the court orders as follows:

1.    The following cases are consolidated with the instant case: *Dorsey v. Zullas*, No. 2:25-cv-00195; and *Kolding v. Zullas*, No. 2:25-cv-00217.[23]  The clerk shall

---

[19] (Mot. 2, Doc. No. 18.)

[20] (*Id.* at 7–10; Exs. 1–2 to Mot., Doc. Nos. 18-1 & 18-2.)

[21] (*See* Mot. 11, Doc. No. 18.)

[22] (Doc. No. 18.)

[23] Plaintiffs also propose to consolidate "any future related actions that may be filed in, removed to, or transferred to this District."  (Proposed Order 2, Doc. No. 18-3.)  But Plaintiffs offer no argument or legal authority supporting this proposal.  If Plaintiffs seek an order consolidating cases other than the three specifically identified in their motion, they may file a new motion containing argument and legal authority supporting their request.

administratively close these two cases, and no further filings shall be made in them.

The consolidated action shall be styled *In re Zullas, L.C. Data Breach Litigation*.

    a.   All papers filed in the consolidated action shall be filed under Case No.

        2:25-cv-00183 and shall bear the following caption:

---

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

---

| In re Zullas, L.C. Data Breach Litigation<br><br>This Document Relates To:<br><br>_____ | Lead Case No. 2:25-cv-00183<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

    b.  When a pleading is intended to apply to all actions to which this order

       applies, the words "All Actions" shall appear immediately after the

       words "This Document Relates To:" in the caption described above.

       When a pleading is not intended to apply to all actions, the docket

       number for each individual action to which the paper is intended to

       apply and the last name of the first-named plaintiff in said action shall

       appear immediately after the words "This Document Relates To:" in the

       caption identified above.

2.     Ken Grunfeld of Kopelowitz Ostrow P.A. and William B. Federman of

Federman & Sherwood are appointed as interim co-lead class counsel to act on behalf

of Plaintiffs and the putative class with the responsibilities set forth below:

    a.  Determine and present (in briefs, oral argument, or such other fashion

       as may be appropriate, personally or by a designee) to the court and

opposing parties the position of Plaintiffs on all matters arising during any proceeding;

b.  Coordinate and conduct discovery on behalf of Plaintiffs and the class consistent with the requirements of the Federal Rules of Civil Procedure;

c.  Convene meetings among counsel;

d.  Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e.  Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f.  Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g.  Monitor the activities of all counsel to ensure that schedules and litigation deadlines are met and unnecessary expenditures of time and funds are avoided;

h.  Develop and ensure that all counsel comport with the billing and expense protocol being used by the leadership team;

i.  Perform such other duties as may be incidental to the proper coordination of Plaintiffs' activities throughout the case or authorized by further order of this court;

j.  Serve as the primary contact for communications between the court, defense counsel and other plaintiffs' counsel;

      k.  Be responsible for all settlement discussions and assessments or payments to Plaintiffs' counsel; and

      l.  Perform all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative class.

3.    Charles H. Thronson of Parsons Behle & Latimer is appointed as interim liaison counsel with the responsibilities set forth below:

      a.  Perform such duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or as directed by lead interim class counsel.

4.    Plaintiffs in the consolidated action shall file an operative, consolidated complaint within thirty (30) days of this order. Zullas need not respond to any of the previously filed complaints in the related actions, and will have forty-five (45) days after the consolidated complaint is filed to file a responsive pleading. If a motion to dismiss is filed, Plaintiffs will have thirty (30) days to file a response, and Zullas will have twenty-one (21) days for a reply.

DATED this 29th day of July, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge